# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:97CR00069 |
| v. | **OPINION** |
| **BRIAN ADAIR FULLER**, | By: James P. Jones<br>Chief United States District Judge |
| Defendant. | |

*Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for United States; Brian Adair Fuller, Pro Se Defendant.*

The government has objected to any reduction in sentence for this defendant, who is eligible for such a reduction under 18 U.S.C. § 3582(c)(2) by virtue of the lowering of the crack cocaine guidelines. *See* U.S.S.G. app. C, amends 706, 711 (Supp. effective Mar. 3, 2008); U.S.S.G. app. C, amend 715 (Supp. effective May 1, 2008).

I will overrule the government's objections.

The government asks the court to reconsider information contained in the Presentence Investigation Report (in particular the conduct underlying the offense and the defendant's criminal history), to consider the fact that the defendant has been treated with "substantial leniency" because he has benefitted from a plea agreement, and to consider the defendant's behavior while incarcerated.

I find none of the government's arguments persuasive. As I have explained on several prior occasions, *see, e.g.*, *United States v. Herndon*, No. 3:01CR00063, 2008 WL 750588 at *1 (W.D. Va. Mar. 19, 2008), the defendant's criminal background and the conduct underlying his offense are taken into consideration when calculating his Criminal History Category and Total Offense Level. The government has failed even to allege that the defendant's criminal history or danger to the public are not accurately conveyed by his Criminal History Category and Total Offense Level. Accordingly, I find that neither the conduct underlying the offense nor the defendant's criminal history is a bar to reducing his sentence.

The government next argues that the defendant has already received a lower sentence than he should have received because he has benefitted from a plea agreement, and therefore his sentence should not be reduced. This argument is without merit because the defendant pled not guilty and was convicted by a jury.

Finally, the government contends the defendant's behavior while incarcerated militates against a reduction in his sentence. In support of this argument the government has submitted a document that it claims is a prison disciplinary report. The document, however, contains no information about disciplinary actions. It does, however, document random drug testings—which were negative—and educational

courses the defendant has completed while incarcerated. In short, the administrative document argues for a reduction in the defendant's sentence.

A separate judgement will be entered.

Dated: June 6, 2008

 /S/ JAMES P. JONES
Chief United States District Judge

- 3 -

Case 3:97-cr-00069-JPJ   Document 244   Filed 06/06/08   Page 3 of 3   Pageid#: 42